UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ADONIS ROBINSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:16 CV 166 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION and ORDER

Adonis Robinson, a *pro se* prisoner, filed an amended habeas corpus petition (DE # 3) challenging the prison disciplinary hearing (MCF 15-07-184) where the Disciplinary Hearing Officer ("DHO") found him guilty of Use and/or Possession of [a] Cellular Telephone or Other Wireless or Cellular Communications Device in violation of Indiana Department of Correction ("IDOC") policy A-121. As a result, Robinson was sanctioned with the loss of 75 days earned credit time and demoted from Credit Class 1 to Credit Class 2.

Along with the response to the petition (DE # 6) on September 8, 2016, the Respondent filed a motion (DE # 7) requesting to seal documents containing Robinson's phone records. The court ordered Respondent to identify a specific security concern posed by disclosure of the records or move to withdraw the motion to seal. (DE # 9.) In response, the Respondent filed a motion to withdraw the motion to seal. (DE # 10.) The court agrees that unsealing the phone records (DE # 8) will be neither harmful nor compromise the security of the facility.

Because the unsealed document is not required to resolve any of the three grounds raised in the amended habeas corpus petition, it is unnecessary to order re-briefing in this case. Robinson did not file a traverse. The deadline for doing so passed long ago. *See* N.D. Ind. L. Cr. R. 47-2 ("A party who files a petition under 28 U.S.C. § 2254 . . . must file any reply brief within 28 days after the answer brief is served."). Therefore this case is fully briefed.

In Ground One, Robinson argues that the DHO did not consider his statements that the phone belonged to someone else. (DE # 3 at 2.) The Disciplinary Hearing Report includes Robinson's statement that he "never used [the] phone." (DE # 6-5.) This shows the DHO heard and considered Robinson's statements about the phone belonging to someone else. However, the DHO chose not to believe Robinson, and it is not for this court to reweigh the evidence. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

In Ground Two, Robinson argues there was insufficient evidence to have found him guilty. (DE # 3 at 2.)

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). A Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here.

The Conduct Report (DE # 6-1) states: "On [7/13/15 at 1400], I Sgt. Nice was review evidence. The evidence was a blue and black AT&T flip phone. While looking through the phone there was a text message as a draft in the outgoing message box. The phone number it was addressed supposed to go to was ran in the offender phone system. The number was on offenders Robinson, Adonis 191031 active phone list." Based on this evidence, it was not arbitrary for the DHO to have concluded that Robinson had possession of the phone when the draft text message was written. Though it is possible that someone else was trying to send a text message to a person on Robinson's phone list, the Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985).

In Ground Three, Robinson argues that it was a conflict of interest for the Screening Officer to have been the same person who wrote the Conduct Report. (DE # 3 at 2.) Prisoners have a right to a fair and impartial decision-maker. *See generally Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

> Due process requires disqualification of a decisionmaker who was directly or substantially involved in the underlying incident, *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000), and we have assumed that a decisionmaker might likewise be impermissibly biased if his spouse is a crucial witness in the proceeding, *see Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). A hearing officer is not automatically deemed biased, however, simply because he adjudicated or was involved in a previous disciplinary charge against the prisoner. *See Piggie*, 342 F.3d at 666–67; *Pannell*, 306 F.3d at 502.

*Perotti v. Marberry*, 355 F. App'x. 39, 43 (7th Cir. 2009). In the case at hand, the Screening Officer was not a decision-maker. That is to say, the Screening Officer was not the same person as the DHO. The Screening Officer was merely the person who notified

3

Robinson of the charge against him and asked what witnesses and evidence he wanted to present. Then Robinson completed and signed the Screening Report. (DE # 6-2.) This dual role was not a conflict of interest and it is not a basis for habeas corpus relief.

Finally, in Grounds One and Two, Robinson mentions that he was not shown the cell phone or the text messages. However, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . ." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001).

If Robinson wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) **GRANTS** the motion (DE # 10) to withdraw the motion to seal (DE # 7);

(2) **DIRECTS** the clerk to edit the docket to show the motion to seal (DE # 7) was withdrawn and to unseal the sealed document (DE # 8);

(3) **DENIES** the habeas corpus petition (DE # 3)

The clerk is **DIRECTED** to close this case. Petitioner is **DENIED** leave to proceed *in forma pauperis* on appeal.

**SO ORDERED.**

Date: May 30, 2017

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT

4